9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald R. OWENS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-5392.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1993.
 
 1
 Before MILBURN and NELSON, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 2
 Donald R. Owens appeals a district court order affirming the Secretary's denial of his applications for social security disability insurance benefits and supplemental security income benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Owens has not requested oral argument and, therefore, is deemed to have waived oral argument pursuant to Sixth Circuit Rule 9(d). The Secretary has expressly waived oral argument.
 
 
 3
 Owens filed applications for social security disability insurance benefits and supplemental security income benefits with the Secretary, alleging that he suffered from the residual effects of a stroke, numbness in the extremities, headaches, neck pain, nervousness, dizziness, blurred vision, partial amputation of the second and third fingers of the right hand, hypertension, impaired hearing, and chest pain. Following two hearings, the Administrative Law Judge (ALJ) determined that Owens was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council affirmed the ALJ's determination.
 
 
 4
 Owens then filed a complaint seeking a review of the Secretary's decision. The district court held that substantial evidence existed to support the Secretary's decision and granted summary judgment for the Secretary. Owens filed a timely appeal.
 
 
 5
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The ALJ was not bound by Dr. Ayub's opinion because it was not supported by objective medical evidence. See Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779-80 (6th Cir.1987). The ALJ's consideration that Owens did not seek medical treatment for three years and did not resume treatment until he began seeking disability benefits was a proper factor to consider in determining whether Owens's testimony was credible. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam).
 
 
 6
 Owens does not meet or equal any of the listed impairments found in 20 C.F.R. Part 404, Subpart P, App. 1. Furthermore, contrary to Owens's argument, the hypothetical questions to the vocational experts accurately portrayed Owens's impairments. See Varley, 820 F.2d at 779.
 
 
 7
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation